# GARLAND & MASON, L.L.C.
### Attorneys at Law

**Manalapan Corporate Plaza**
**195 Route 9 South - Suite 204**
**Manalapan, New Jersey 07726**
**ph: (732) 358-2028**
**fax: (732) 358-2029**
**web: www.garlandmasonlaw.com**

January 24, 2019

**Via ECF Only**

Hon. Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court
for the District of New Jersey
402 East State Street
Trenton, New Jersey 08608

  ***RE: In re: Maureen A. DeGeorge - Chapter 7***
    ***Case No. 18-27374***

Dear Judge Kaplan:

  This firm represents Maureen A. DeGeorge, the above-referenced chapter 7 debtor ("Debtor"). On January 14, 2019, Debtor appeared on her motion for an Order, pursuant to Bankruptcy Code §706(a), converting her chapter 7 proceeding to one under chapter 13. The Chapter 7 Trustee filed written opposition to Debtor's motion and appeared for oral argument on the January 14, 2019 return date.

  At oral argument, the Court questioned not necessarily Debtor's right to convert, but the propriety of the conversion because Bankruptcy Code §363(h), while specifically addressing the trustee's right to sell property free of the interest of any co-owner, does not specifically give that right to a chapter 13 debtor absent the co-owner's consent. Debtor's property is jointly owned by Debtor and her ex-husband. Debtor resides at the property with her children, but Debtor's ex-husband does not. The sale of that property represents the crux of what will be Debtor's proposed chapter 13 plan of reorganization, and the Court's concern was that if the case was converted and Debtor's

Hon. Michael B. Kaplan, U.S.B.J.
January 24, 2019
Page 2

_____

ex-spouse did not consent to the terms of sale, than the conversion would have been for naught and the case would ultimately wind up back in a chapter 7.  The Court asked counsel to research the issue and provide guidance regarding whether Debtor had the authority to sell the property free of her ex-husband's interest pursuant to Bankruptcy Code §363(h).

    Indeed, New Jersey is one (1) of four (4) courts which have stated that a chapter 13 debtor may, in fact, sell property free of the interests of a co-owner pursuant to Bankruptcy Code §363(h).  *See In re Janoff*, 54 *B.R.* 741 (Bankr. D.N.J. 1985); *see also In re Belyea*, 253 *B.R.* 312 (Bankr. D.N.H. 1999); *In re Rishel*, 166 *B.R.* 276 (Bankr. W.D. Pa. 1994); *In re Yakubesin*, 83 *B.R.* 462 (Bankr. S.D. Ohio 1988).

    In *Janoff*, the debtor moved for summary judgment to compel the sale of the home he owned as tenants in common with his ex-wife.  Although the court denied the summary judgment motion, the denial was not based on debtor's right to sell property free of his ex-wife's interest pursuant to Bankruptcy Code §363(h) but, rather, because the debtor had not met the four (4) prong test of §363(h).  The court then stated:

> As to the defendant's assertion that §1303 may not be utilized by a debtor, the legislative history leads to a contrary conclusion.  The Senate Report on the Bankruptcy Code of 1978 states explicitly that the 'Chapter 13 debtor is vested with the identical rights and powers' as those of a trustee by virtue of §363(h) of title 11.  S.Rep. No. 95-989, 95th Cong.2d Sess. 140, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5926. 9 Bkr-L Ed. 175.  It necessarily follows that the debtor may sell property pursuant to §363(h) only if the tests of the above Code provisions are met.

*Id.* at 742.

    Thus, such a sale may be authorized if:

(a)   partition in kind of such property among the estate and such co-owners is impracticable;

Hon. Michael B. Kaplan, U.S.B.J.
January 24, 2019
Page 3

_____

    (b)    sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners; and,

    (c)    the benefits to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners.[1]

Bankruptcy Code §363(h); *In re Sutton*, 1990 *WL* 25050 (D.N.J. Mar. 5, 1990).

    With regard to the foregoing test: (a) partition is, indeed, impracticable and, moreover, unnecessary because Debtor's ex-husband no longer lives in the property and also wishes to have the property sold; (b) similarly, sale of the estate's undivided interest is moot because Debtor's ex-husband agrees that the property should be sold and such a sale is what both parties agreed to in their underlying divorce proceeding; and, (c) there is no detriment to the ex-husband because Debtor is going to sell the property at a price suggested by her realtor and which will represent fair market value. Further, the sale will still be subject to court approval and Debtor's ex-husband can contest the sale, or the terms of sale, at that point, and the court can then determine whether the terms of sale are reasonable and in the best interests of the Estate. Moreover, Debtor's ex-husband benefits from the sale because the parties' judgment of divorce requires that certain credit card debt on which Debtor's ex-husband is obligated be satisfied from the proceeds of sale.

    Accordingly, Debtor respectfully submits that she is empowered to sell the property free of her ex-husband's interest pursuant to Bankruptcy Code §363(h) and that her motion to convert her chapter 7 proceeding to one under chapter 13 should be granted.

_____

[1]/ *A fourth condition, which would prevent such a sale if the property were used to produce, transmit, distribute or sell energy is inapplicable here.*

Hon. Michael B. Kaplan, U.S.B.J.
January 24, 2019
Page 4
_____

    Thank you for your consideration of the foregoing.

                              Respectfully yours,

                              /s/    Gary L. Mason

                              Gary L. Mason

GLM/mrm