**MS&B** McMANIMON · SCOTLAND · BAUMANN

427 Riverview Plaza, Trenton, NJ 08611 (609) 695-6070

**Michael A. Siravo IV**
Associate
Direct: 973-323-8665
msiravo@msbnj.com

427 Riverview Plaza
Trenton, NJ 08611
P: 609-695-6070
F: 609-695-6071

18811-01001

January 25, 2019

<u>VIA CM/ECF</u>
Honorable Michael B. Kaplan
United States Bankruptcy Court
402 East State Street
Trenton, New Jersey 08611

Re:   **In re Maureen A. DeGeorge,**
      **Case No. 18-27374 (MBK)**
      **Letter Brief in Further Support of Objection to Motion to Convert**
      **Hearing Date: February 4, 2019 at 10:00 a.m.**

Dear Judge Kaplan:

As Your Honor is aware, this office represents Andrea Dobin, Chapter 7 Trustee (the "Trustee") in the bankruptcy proceeding of Maureen A. DeGeorge (the "Debtor"). Please accept this letter brief in lieu of a more formal memorandum of law as the Trustee's supplemental brief in further support of her objection to the Debtor's Motion to Convert to a Case under Chapter 13 (the "Motion"). As set forth herein, and in the Trustee's original objection to the Motion, which the Trustee hereby incorporates, the Motion must be denied.

On January 14, 2019, at the first hearing on the Motion, Your Honor specifically requested additional briefing on a narrow legal issue: whether a chapter 13 debtor can sell real property free and clear of a co-owner's interest pursuant to 11 U.S.C. § 363(h). The answer is no. As demonstrated below, the Debtor has provided this Court with an incomplete look at the law.

Section 1303 of the Bankruptcy Code provides that a chapter 13 debtor "shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(*l*), of this title." Based on its plain meaning, section 1303 quite clearly does not grant a chapter 13 debtor the power that a trustee has under section 363(h). Case law and the most basic tenets of statutory construction confirm such an interpretation. Moreover, a look at the House and Senate Reports that accompanied the Bankruptcy Reform Act of 1978 further confirms that it was Congress's intent to exclude section 363(h) from section 1303.

*In re Dahlgren*, 418 B.R. 852 (Bankr. D.N.J. 2009) (Lyons, J.) is the most recent case within our jurisdiction that addresses whether section 1303 includes the right to sell property of a non-debtor co-owner pursuant to section 363(h), answering the question in the negative:

Honorable Michael B. Kaplan
United States Bankruptcy Judge
Page 2

"Nothing in the Bankruptcy Code vests this [363(h)] right in a chapter 13 debtor. While the trustee may have the right to sell both the interest of the Debtor and the Movant pursuant to Section 363(h) of the Bankruptcy Code, that is not one of the powers transferred to the debtor under Section 1303." *In re Dahlgren*, 418 B.R. at 858-59. *Dahlgren* goes on to say that even if the list in section 1303 were non-exhaustive, any additional powers "would be those inherently necessary to carry out the plan, such as the power to sue and be sued pursuant to section 303." *Id.* at 859 (citing 8 COLLIER ON BANKRUPTCY ¶ 1303.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2009).

Although the Trustee respectfully submits that section 1303 is clear on its face, and that the findings in *Dahlgren* are correct, there are at least four cases that state that a debtor may sell property free of a co-owner's interests pursuant to section 363(h). *See In re Belyea*, 253 B.R. 312, 314 (Bankr. D.N.H. 1999); *In re Janoff*, 54 B.R. 741, 742 (Bankr. D.N.J. 1995) (DeVito, J.); *In re Rishel*, 166 B.R. 276, 278 (Bankr. W.D. Pa. 1994); *In re Yakubesin*, 83 B.R. 462, 466-68 (Bankr. S.D. Ohio 1988). However, all of these reported decisions pre-date the *Dahlgren* opinion, and, as importantly, the opinion issued in *In re Wrublik*, 312 B.R. 284 (Bankr. D. Md. 2004) explains why those other opinions are incorrect and unsupported. To wit, the *Janoff* opinion, cited by the Debtor, only references the interplay between sections 363(h) and 1303 in dicta, stating that the debtor was empowered to sell property, including the interest of a co-owner, under section 363(h). *Wrublik*, 312 B.R. at 286 (citing *Janoff*, 54 B.R. at 742). The *Yakubesin* decision provides no basis for its conclusion that section 1303 empowers a debtor to sell property under section 363(h). *Id.* (citing *Yakubesin*, 83 B.R. at 466-68)

The other two decisions, *Belyea* and *Rishel*, are based on "a theory of incorporation, holding that § 363(h) is included within § 1303 by virtue of § 363(b)." *In re Wrublik*, 312 B.R. at 285-86. In other words, *Belyea* and *Rishel* found that because section 363(h) references section 363(b), and because section 1303 references section 363(b), that means section 1303 includes <u>all of</u> section 363(h). In reference to those two cases, the *Wrublik* court states, "This court cannot agree that by some process of chemical osmosis of incorporation within § 363(b) that the § 363(h) power appears in § 1303." *Id.* at 286.

The *Belyea* and *Rishel* courts' interpretations of section 363(h) simply do not make sense. Section 363(h) provides, in relevant part, "[T]he trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property..." Thus, section 363(h) empowers the trustee to sell two things: (1) the estate's interest, <u>under subsection (b) and (c)</u>; and (2) the interest of any co-owner. The reference to subsections (b) and (c) quite clearly correspond with the <u>estate's interest</u>. The power to sell a <u>co-owner's interest</u>—which is the issue here—is a separate power, covered by section 363(h) but *not* by section 363(b). Thus, it is illogical to say that a reference to section 363(b) is equivalent to a reference to 363(h), as the latter includes powers beyond the scope of the former.

Further, basic tenets of statutory interpretation confirm the exclusion of section 363(h) from section 1303. The Supreme Court has explained that resolution of the meaning of a statute begins with the language of the statute itself. *Landreth Timber Co. v. Landreth*, 471 U.S. 681,

685 (1985). With this in mind, the *Wrublik* court applied the legal maxim, *expressio unius est exclusion alterius*, *i.e.*, the express mention of one thing implies the exclusion of another, to confirm the exclusion of section 363(h). *Wrublik*, 312 B.R. at 287 (citing Herbert Broom, *A Selection of Legal Maxims* 650-68, (8th Am. from the 5th London ed., T. & J.W. Johnson & Co. 1882) (1845)). In other words, the express mention of section 363(b), (d), (e), (f), and (*l*) implies the exclusion of section 363(h).

Finally, a comparison of the House and Senate reports with the final text of section 1303 suggests that Congress intended to exclude section 363(h). The Debtor fails to address the House Report, which renders the Debtor's interpretation of section 1303 incomplete. The House Report did not include subsection (h):

> This section gives the debtor the same rights and powers of a trustee under sections 363(b), (d), (e) and (f), relating to use, sale, or lease of property other than in the ordinary course of business. These rights and powers are given exclusively to the debtor, and may not be exercised by the trustee.

HR Rep. No. 595, 95th Cong., 1st Sess. 427 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5963, 6383. On the other hand, the Senate Report <u>did</u> include subsection (h):

> A chapter 13 debtor is vested with the identical rights and powers, and is subject to the same limitations in regard to their exercise, as those given a liquidation trustee by virtue of section 363(b), (d), (e), (f), and (h) of title 11, relating to the sale, use or lease of property.

S. Rep. No. 989, 95th Cong., 2d Sess. 140 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5926. Thus, despite the Senate Report proposing to include subsection (h), the final version of section 1303 excludes it. This strongly suggests that Congress intended that result. The *Wrublik* court noted that current formulations of section 1303 resulted from a compromise between the House and Senate versions. *Wrublik*, 312 B.R. at 287. It is not as if Congress merely overlooked subsection (h); its inclusion was proposed and rejected.

Therefore, a chapter 13 debtor cannot sell real property free and clear of a co-owner's interest pursuant to 11 U.S.C. § 363(h). For the reasons set forth above and in the Trustee's objection to the Motion, the Trustee requests that the Court deny the Motion to prevent further delays and further detriment to creditors and parties in interest.

Respectfully submitted,

Michael A. Siravo IV